This habeas corpus petitioner was paroled to Connecticut under the Interstate Compact For Parole Supervision, Connecticut General Statutes 54-133 et seq.
In this proceeding, he has questioned his maximum release date and the computation of good time credits. The petitioner is presently being detained because of an alleged parole violation. He argues that he had served his sentence by virtue of a substantial reduction occasioned by the good time credits and that at the time of this violation, he was a discharged parolee. The State of Texas disputes this theory and in certified documents claims a release date of 2003 and denies the petitioner's claim for good time credits.
It is the court's conclusion that the petitioner's remedy is through the State of Texas and that 54-133 et seq. contemplates such action. The State of Connecticut has no authority to question the determinations made by the State of Texas, the "sending" state.
The court notes further that this petitioner is persistent in his protestations but has presented no credible evidence to support his novel theories. Further, even if he were correct in his allegations, there would still remain the necessity of addressing the proper authority in Texas to order his release. CT Page 5487
The court has no alternative but to deny the relief requested.
The defendant herein is ordered to advise the proper Texas officials of this decision and of the necessity to take action on the petitioner's alleged parole violation. This action should be instituted forthwith so that the petitioner can address his claims in the proper forum and so that his status can be determined.
[EDITORS' NOTE: CT Page 5487 to 5491 are blank.] CT Page 5492